USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:_5/27/2026_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OLIVET UNIVERSITY,

                    Plaintiff,

          - against -

NAVEED JAMALI, et al.,

                    Defendants.

25 CV 5394 (VM)

DECISION AND ORDER

VICTOR MARRERO, United States District Judge.

On February 11, 2026, defendants Naveed Jamali, Dayan Candappa, Nancy Cooper, Dev Pragad, and Alex Rouhandeh (collectively, "Jamali") filed a motion to dismiss ("Motion to Dismiss") the complaint ("Complaint") in this action brought by plaintiff Olivet University ("Olivet"). (See "MTD," Dkt. No. 27.) On March 5, 2026, Olivet filed a motion for leave to amend the Complaint (see "Motion for Leave" or "Mot. for Leave," Dkt. No. 29), which Jamali opposes (see "Opp.," Dkt. No. 31). Olivet did not submit a proposed amendment but summarized how it would "readily dispel" "[n]ew arguments" Jamali brought in the Motion to Dismiss, citing recently obtained evidence. (Mot. for Leave at 7-8; "Reply," Dkt. No. 32 at 7.) For the reasons discussed below, Olivet's Motion for Leave is GRANTED and Jamali's Motion to Dismiss is DENIED AS MOOT.

1

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). Amendments are generally favored because they "tend to facilitate a proper decision on the merits." Sokolski v. Trans Union Corp., 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (internal quotation marks and citation omitted). "Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." Oliver Schools, Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991) (internal quotation marks and citation omitted). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

When a plaintiff seeks to amend the complaint while a motion to dismiss is pending, a court "may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." Pettaway v. Nat'l Recovery Sols., LLC, 955 F.3d 299, 303 (2d Cir. 2020) (citation omitted). "Where the proposed amendment requires leave of court, the preferred course is to grant leave to amend even if doing so renders

2

moot the motion to dismiss, rather than granting the motion to dismiss and rendering moot the motion for leave." In re Madison Asset LLC, No. 20-CV-10299, 2021 WL 1894032, at *1 (S.D.N.Y. May 11, 2021) (internal quotation marks and citation omitted); see also Han v. Fin. Supervisory Serv., No. 23-CV-5451, 2025 WL 588078, at *1 (S.D.N.Y. Feb. 24, 2025).

Here, granting Olivet's request to amend the Complaint while denying Jamali's pending Motion to Dismiss is the "preferred course where the amended complaint requires leave of court." Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc., No. 20-CV-10699, 2021 WL 2075586, at *2 (S.D.N.Y. May 24, 2021) (citation omitted). Moreover, "granting leave to amend is consistent with the liberal standard of [Rule 15], and with the Second Circuit's 'strong preference for resolving disputes on the merits.'" Patterson v. Morgan Stanley, No. 16-cv-6568, 2017 WL 11569235, at *2 (S.D.N.Y. Sept. 27, 2017) (quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015)).

As an initial matter, the Court finds no undue delay, bad faith, or undue prejudice. Here, Olivet's Motion for Leave was filed less than a month after Olivet moved to dismiss. See, e.g., Joint Stock Co. v. Infomir LLC, No. 16-CV-1318,

3

2017 WL 2988249, at *1 (S.D.N.Y. Mar. 27, 2017) (finding no undue delay where plaintiffs moved for leave to amend twenty-four days after defendant moved to dismiss and before any defendant answered complaint). Further, as courts in this District have found, "any prejudice to [Jamali] from permitting amendment at this early stage in the litigation is minimal." Id. (finding "no undue prejudice because the parties [were] far from trial, no Defendant ha[d] answered, . . . and no discovery deadlines ha[d] been established").

Jamali argues that Olivet's Motion for Leave should be denied because Olivet failed to provide a proposed amended complaint in accordance with Local Rule 15.1. (See Opp. at 4-5.) But as courts have held, the failure to submit a proposed amendment "is not necessarily fatal" where, as here, "the movant's papers adequately explain the basis for, and nature of, the proposed amendment." Murray v. New York, 604 F. Supp. 2d 581, 588 (W.D.N.Y. 2009) (citation omitted); see also Brand Engagement Network, Inc. v. AFG Companies, Inc., No. 25-CV-2245, 2026 WL 658521, at *22 (S.D.N.Y. Mar. 9, 2026) (finding that "failure to comply with Local Rule 15.1 is not itself fatal nor dispositive where no undue prejudice would result" but that a plaintiff must still "provide some factual detail

or evidence as to the proposed amendment" (citation omitted)).

Here, Olivet provides a summary of Jamali's Motion to Dismiss arguments that it contends it "could readily dispel" if granted leave, including the nature and knowledge of Olivet's relationships, whether Jamali "harmed" Olivet or "interfered" with its relationships, challenges concerning Jamali's affirmative acts, and other claims that the "pressure" Jamali exerted was not "economic" or that Jamali had no "economic reason" to interfere with Olivet. (Mot. for Leave at 7-8.) Jamali, in turn, has responded to Olivet's request to clarify and amend its pleading by arguing in opposition that any amendment would be futile. (See Opp. at 6-10.) The Court cannot find that Jamali will be so unduly prejudiced by the proposed amendment as to require the Court to deny Olivet's Motion for Leave.

Finally, as to Jamali's arguments of futility, "[i]n the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that [those] arguments are better suited for consideration in the context of a motion to dismiss." Adams v. 796-798 Ninth Successor LLC, No. 25-CV-00912, 2025 WL 2208044, at *1 (S.D.N.Y. Aug.

4, 2025) (citation omitted). Therefore, the Court declines to consider Jamali's futility arguments, finding them premature at this stage of the litigation. See, e.g., Han, 2025 WL 588078, at *2 (declining to consider whether plaintiff's proposed amendments would be futile).

Accordingly, for the reasons stated above – in addition to considerations of judicial economy and efficiency – the Court grants Olivet's Motion for Leave to amend and denies Jamali's Motion to Dismiss as moot. See, e.g., In re Madison Asset LLC, 2021 WL 1894032, at *2 ("It is in the interest of judicial economy for Plaintiff to amend now rather than after a ruling of Defendant's motion to dismiss."). Nevertheless, Olivet is "on notice of the alleged deficiencies in [its] pleading" and is "warned that the Court will be reluctant to grant further leave to amend" if Jamali successfully moves to dismiss the amended complaint. See, e.g., id. at *3; Han, 2025 WL 588078, at *2; Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment [even if] the proposed second amended complaint in fact cures the defects of the first." (internal quotation marks and citation omitted)).

6

## I.    ORDER

For the reasons stated above, it is hereby

**ORDERED** that the request of plaintiff Olivet University ("Olivet") for leave to amend (Dkt. No. 29) the complaint in this action is **GRANTED** and the motion to dismiss (Dkt. No. 27) brought by defendants Naveed Jamali, Dayan Candappa, Nancy Cooper, Dev Pragad, and Alex Rouhandeh (collectively, "Jamali") is **DENIED AS MOOT;** and it is further

**ORDERED** that Olivet shall file its amended complaint no later than twenty-one days after the date of this Decision and Order.

If Jamali wishes to move to dismiss the amended complaint, Jamali shall submit a pre-motion letter, as required by the Court's Individual Practices.

The Clerk of Court is respectfully requested to terminate the motions at docket numbers 27 and 29.

**SO ORDERED.**

Dated:    27 May 2026
          New York, New York

Victor Marrero
U.S.D.J.

7